**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| ELIZABETH BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00021 (CDL) |
| v. | ) |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIALS**

Based upon the stipulation of the parties, Plaintiffs Elizabeth Buckner ("Plaintiff") and Defendant Boston Scientific Corporation ("Boston Scientific"), and good cause being shown, the Court ORDERS that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery in the above-captioned case.

**I.    SCOPE OF PROTECTIVE ORDER**

The parties acknowledge that certain documents and information may be sought, produced, or exhibited by and between the parties and non-parties in this proceeding (the "Proceeding") and that some of these documents may relate to sensitive information which the party or non-party making the production deems confidential in accordance with the rules and standards of the Court. Discovery in this case may involve production of confidential, proprietary, and private information for which special protection from public disclosure and from any purpose other than prosecuting litigation would be warranted. Therefore, it has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a Stipulated Protective Order

("Protective Order") should be entered, and the parties have agreed to be bound by its terms and to request its enforcement by the Court as necessary.

## II.   DISCOVERY PHASE

1.   This Protective Order shall govern all documents and electronically stored information ("ESI"), the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Producing Party") to any other party, including any non-party, when same is designated with the procedures set forth herein. This Agreement is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Protective Order. This Protective Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

2.   A Producing Party may designate as "**CONFIDENTIAL**" any material the Producing Party believes in good faith constitutes or discloses information or that qualifies for protection pursuant to the Federal Rules of Civil Procedure, specifically information that is trade secret or other confidential research, development, or commercial information, and materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations.

3.   Confidential information may be further designated as "**HIGHLY CONFIDENTIAL**" if a Defendant produces materials that it believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained because it relates to research and development material on a new product that has not been approved or cleared by the FDA or a similar regulatory body or reflects a party's price competitiveness in the market or marketing business strategies of a party concerning a current or new product. The Plaintiff will inform the Producing Party of its intent to disclose

such information to any individual who is currently, or who at any time during the pendency of this litigation becomes, a consultant to a competitor of the Producing Party in the pelvic mesh business, or is a consultant to an entity actively investigating entering such business, and Plaintiff will follow the procedures for disclosure of such materials to such individual as provided in Paragraph II.8 of this Protective Order .

4. The designation of **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** does not include any material, document, or testimony that has been admitted into evidence in any trial without any protections by the trial court. Any document admitted as a trial exhibit or trial testimony for which a trial court has maintained its **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** designation during trial and that has been sealed or otherwise protected from disclosure by order of the trial court will remain a **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** absent a separate order of the Court in this matter.

5. <u>Challenges to Designations or Redacted Information</u>: Any party may at any time challenge the redaction or the designation of information as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** to serve a legitimate judicial purpose (e.g., to support a dispositive motion) by providing written notice of its objection to the designating party, or, in the case of a deposition, either on the record at a deposition or in writing later. If, after a timely meet-and-confer process, the parties cannot reach agreement, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The disputed material shall continue to be treated as designated, or redacted, until the Court orders otherwise. In any such application concerning a ruling on confidentiality or redacted information, the party claiming the designation of confidentiality or redaction has the burden of establishing that such confidential designation or redaction is proper.

6. No person or party subject to this Protective Order shall distribute, transmit, or otherwise divulge any material marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, except in accordance with this Protective Order.

7. <u>Use of Confidential Material Limited to this Action:</u> Any document or other material which is marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document, or the contents thereof, at any deposition taken in this litigation. If a party intends to use material that has been marked as **HIGHLY CONFIDENTIAL** at the deposition of an employee or former employee of a non-producing party in this litigation, then the party shall notify the Producing Party five (5) days in advance of the deposition that it intends to use that category of material. If the parties cannot agree on parameters for usage of the material at the deposition, then the parties will seek the direction of the Court as to the utilization of that category of material in the deposition.

8. <u>Access to Confidential Material:</u> If a party or attorney wishes to disclose any document or other material marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, or the contents thereof, to any person retained to work on this action (e.g., expert witness, consultant), the person making the disclosure shall do the following:

    a. Provide a copy of this Protective Order to the person to whom disclosure is made;

    b. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    c. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order, attached as Exhibit A;

    d. Instruct the person to whom disclosure is made to return or, in the alternative and with permission of the Producing Party, at the conclusion of this litigation to destroy any document or other material which is marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, including notes or memoranda made from **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** material;

    e. Maintain a list of persons to whom disclosure was made and the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** materials which were disclosed to that person;

    f. At the conclusion of this litigation, gather the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, or destroy them, providing a certificate of compliance with the terms of this Agreement.

    g. Only Boston Scientific Corporation's "Designated In-House Counsel" may have access to information designated as **HIGHLY CONFIDENTIAL** by another producing party. "Designated In-House Counsel" shall mean Eileen Hunter and Meagan Thwaites for Boston Scientific Corporation and one paralegal and/or clerical employee for each such Designated In-House Counsel to provide administrative support. The Designated In-House Counsel shall complete and sign a copy of Exhibit A, and each such completed, signed form shall be transmitted by e-mail to counsel for each party before disclosure of any such other party's **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** information to the Designated In-House Counsel.

  9. <u>Disclosure Requirements for **HIGHLY CONFIDENTIAL** information to Competitor Related Consultants</u>:  Prior to disclosure, Plaintiff will inform the Producing Party of its intent to disclose **HIGHLY CONFIDENTIAL** material to anyone who is currently, or who at any time during the pendency of this litigation becomes, an employee, officer, director or consultant to a competitor (as such individuals are defined in Paragraph II.3 above) in the manner set forth below:

    a. Give at least ten (10) days' notice in writing to counsel for the party who designated such information as **HIGHLY CONFIDENTIAL** of the intent to so disclose that information, although the disclosing party is not required to identify the intended recipient of such materials.

    b. Within ten (10) days thereafter, counsel for the parties shall attempt to

resolve any disputes between them regarding the production of the **HIGHLY CONFIDENTIAL** material to the intended individuals.

   c. If the parties are unable to resolve any dispute regarding such production, within an additional seven (7) days, the party who designated the information in question as **HIGHLY CONFIDENTIAL** shall file a motion objecting to the proposed disclosure. In making such motion, it shall be the Producing Party's burden to demonstrate good cause for preventing the disclosure.

   d. If the Court permits disclosure of the material designated as HIGHLY CONFIDENTIAL at issue, the information remains designated as HIGHLY CONFIDENTIAL and the individual receiving such information shall be bound by the requirements of Paragraph II.7.

  10. <u>Redaction of Confidential Material</u>:  The parties recognize that the FDA, other governmental agencies, and certain federal statutes require redaction of certain information prior to production of certain information by a Defendant and that Defendant will comply with those requirements and redact such information as directed. Any party challenging information that has been redacted may do so in accordance with Paragraph II.4 of this Agreement, or otherwise in accordance with Federal Rules of Civil Procedure.

  11. <u>Use of Confidential Material at Depositions</u>:  All transcripts and exhibits shall be treated as if designated **CONFIDENTIAL** for a period of thirty (30) days after the final transcript is available from the court reporter. Counsel for any party may designate during the deposition or during the thirty (30) day period after the final transcript is available from the court reporter any portion of the transcript as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** by denominating by page and line, and by designating any exhibits, that are to be considered **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** pursuant to the criteria set forth in this Agreement. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Agreement. A party may

challenge the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** designation or portions thereof in accordance with the provisions of Paragraph II.4 above.

12. <u>Inadvertent Failure to Properly Designate Confidential Material</u>: Inadvertent production of any document or information without a designation of **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** will not be deemed to waive a party's claim to its confidential nature or estop said party from designating said document or information as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** at a later date. Disclosure of said document or information by another party prior to such later designation shall not be deemed a violation of the provisions of this Agreement.

13. <u>Inadvertent Disclosure of Privileged Documents, "Clawback" Procedure</u>: Inadvertent production of documents or ESI (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the Producing Party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the Producing Party shall, within ten (10) days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The Producing Party may, in the notice, request a "clawback" of the inadvertently disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but the receiving party shall

segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege.

Pursuant to Federal Rule of Evidence 502, there is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document clawed-back under this clause, or for the subject matter of any such document, whether the privileged document was inadvertently provided following review or as part of a "Quick Peek" production. In the event that any party receives information produced in discovery from any other party that reasonably appears to be Inadvertently Produced Documents, the receiving party shall promptly notify the Producing Party in writing of the apparent inadvertent production.

14. <u>Disclosure/Production of Documents, No Waiver</u>:  The Producing Party's disclosure or production of any document or group or category of documents shall not constitute a waiver of any privilege or protection, including but not limited to attorney-client privilege or work product protection with respect to: (a) any communications or documents relating or referring to the same or similar subject matter ("subject matter waiver"); and (b) any other communications or documents referring or relating to the parties who sent or received or are named in any such document or documents. Thus, a party may not challenge the Producing Party's claims of privilege for documents remaining on its privilege logs on grounds of waiver of any privilege or protection.

15. <u>Judicial or Government Order</u>:  In the event a party or its affiliate is requested or in the opinion of such party's legal counsel required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or process) to disclose any

"**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIA**L" information of another party or such party's affiliates, the party required to disclose such information shall provide that party with prompt notice of any such request or requirement (written, if practicable) so that party may seek an appropriate protective order or waive compliance with the provisions of this Protective Order . If, failing the entry of a protective order or the receipt of a waiver hereunder, a party is compelled to disclose "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" information of another party, or its affiliates, the party required to disclose may disclose that portion of such information which it is compelled to disclose and shall exercise reasonable efforts to obtain assurance that confidential treatment will be accorded to that portion of such information which is being disclosed. In any event, the disclosing party will not oppose any action by the other party or such party's affiliates to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded documents designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL."**

Notwithstanding the foregoing, if a Party is required to produce its own materials in response to any Civil Investigative Demand, subpoena, or other official process served by any State's Attorney General or other governmental official or entity, such production shall not be deemed: (1) to violate any provision of this Order; (2) to affect the confidentiality of any document designated **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** in this action; or (3) to effect any waiver, including but not limited to subject matter waiver, of any privilege or protection to which materials produced in this action would have been entitled should such production not have occurred.

## III. PROCEDURE FOR SUBMITTING CONFIDENTIAL DISCOVERY MATERIAL TO THE COURT

1. <u>Filing of Confidential Information</u>: If a party desires to file anything with the Court that previously has been designated as Confidential Information, that party must move to file the Confidential Information under seal, unless the Producing Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  Any such motion to

file under seal shall be made in accordance with Federal Rules of Civil Procedure and local rules for the United States District Court for the Middle District of Georgia. If the motion is granted, and to the extent not inconsistent with local rules for the United States District Court for the Middle District of Georgia, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential for the purposes of this Protective Order. Regardless of any provision in this Protective Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

**IV.    POST DISCOVERY PHASE**

1. If any party or attorney wishes to file, or use as an exhibit or as testimonial evidence at a hearing or trial, any **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** material, such party must provide reasonable notice to the Producing Party of the intended use of such information. The parties shall then attempt to resolve the matter of continued confidentiality by either: (a) removing the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) conferring about methods to avoid or limit public disclosure of such information during testimony. If an amicable resolution proves unsuccessful, the parties may present the issue to the Court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record.

2. <u>Survival of Agreement:</u>  Throughout and after the conclusion of this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom **CONFIDENTIAL** and **HIGHLY CONFIDENTIAL** material has been communicated or disclosed pursuant to the provisions of this Protective Order or order of the Court.

3. <u>Return or Destruction of Confidential Material Upon Termination of Litigation</u>: Within sixty (60) days after the final termination of this litigation, each party, upon request of the other party, shall either return to the Producing Party, or destroy, all **CONFIDENTIAL** and **HIGHLY CONFIDENTIAL** material designated by any other party (including any such material disclosed to third persons), except for any attorneys' work-product for the party returning the material, and shall provide certification in writing to opposing counsel if such materials are destroyed.

4. <u>Modification of this Protective Order:</u>  Nothing in this Protective Order shall prevent any other party from seeking amendments broadening or restricting the rights of access to or the use of **CONFIDENTIAL** and/or **HIGHLY CONFIDENTIAL** material or otherwise modifying this Protective Order.

It is **SO ORDERED.**

**S/Clay D. Land   10/18/2022**
**CLAY D. LAND, JUDGE**
**UNITED STATES DISTRICT COURT**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ELIZABETH BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:22-cv-00021 (CDL) |
| v. | ) |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

I have read and understand the Stipulated Protective Order Regarding Confidential Information ("Protective Order ") entered by the parties in *Elizabeth Buckner v. Boston Scientific Corporation, Case No. 4:22-cv-00021*. I further understand the terms of the Protective Order , I agree to be fully bound by the Protective Order , and I hereby submit to the jurisdiction of the United States District Court for the Middle District of Georgia, Columbus Division for purposes of enforcement of the Protective Order .

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20_____.

_____
(Signature)

_____
(Printed Name)

1